IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGFREDO CABRERA and ENKO TELAHUN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS RX SERVICES, INC., *et al.*,<br><br>Defendants. | No. C 17-05803 WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND GRANTING IN PART DEFENDANTS' MOTIONS TO COMPEL ARBITRATION** |

## INTRODUCTION

In this wage-and-hour putative class action, defendants move to compel arbitration and plaintiffs move for leave to file a second amended complaint. For the reasons stated below, the motion for leave to amend is **GRANTED** and the motions to compel arbitration are **GRANTED IN PART**.

## STATEMENT

Defendants CVS Rx Services, Inc., CVS Pharmacy, Inc., and Garfield Beach CVS, LLC provide pharmacy services and operate retail stores. CVS employed plaintiff Enko Telahun as a pharmacist and pharmacy manager. CVS also employed plaintiff Sigfredo Cabrera as a pharmacy service associate and pharmacy technician (Amend. Compl. ¶¶ 12–16).

Telahun began working at CVS in 2013. As part of his job, Telahun completed various web-based training modules. One such training, entitled "Arbitration of Workplace Legal

Disputes," required Telahun to review, acknowledge, and agree to CVS's arbitration policy (Dkt. Nos. 19-1 ¶¶ 3–8, 19-5 ¶ 3).

Cabrera started work as a pharmacy technician trainee in 2016. By that time, newly hired CVS employees (including Cabrera) had to electronically review and execute a CVS Health Arbitration Agreement before beginning work (Dkt. No. 18-1 ¶¶ 3–8).

Although not identical, CVS's arbitration agreements with Telahun and Cabrera both covered any and all "claims, disputes or controversies . . . arising out of or related to" plaintiffs' employment with CVS, including "disputes regarding wages and other forms of compensation, hours of work, meal and rest break periods, seating, [and] expense reimbursement" (Dkt. Nos. 18-2, 19-4).

Section 6 of the arbitration agreements included a class action waiver, requiring plaintiffs to "bring any Covered Claims in arbitration on an individual basis only" and providing that plaintiffs waived any right to bring a claim "as a class, collective, representative or private attorney general action." This waiver explicitly did not apply, however, to claims brought as a private attorney general solely on the employee's own behalf and "not on behalf of or regarding others" (*ibid.*) (emphasis in original).

Plaintiffs both had 30 days to opt out of the arbitration agreement. Cabrera's arbitration agreement stated that arbitration was not "a mandatory condition" of his employment. And during Telahun's training module on arbitration, CVS informed him that it would "not tolerate retaliation against any colleague who decide[d] to opt out" (*ibid.*).

Cabrera initiated this action in August 2017 in state court. He amended the complaint in September to add Telahun as a plaintiff and to include a claim pursuant to California's Private Attorneys General Act of 2004. The amended complaint generally alleged that CVS required plaintiffs to complete ongoing training sessions outside of working hours or during breaks without compensation and failed to reimburse plaintiffs for expenses incurred as a result of their employment. Based on these allegations, plaintiffs brought claims under the California Labor Code, an unfair competition claim, and a PAGA claim (Dkt. No. 1).

CVS removed the action to our district court and now moves to compel plaintiffs to bring their claims in arbitration. Plaintiffs, in the face of CVS's motions to compel, move for leave to file a second amended complaint (Dkt. Nos. 1, 18–20). This order follows full briefing and oral argument.

**ANALYSIS**

This order first addresses plaintiffs' motion for leave to file a second amended complaint. It then addresses defendants' motions to compel arbitration.

1. **MOTION FOR LEAVE TO AMEND.**

FRCP 15(a)(2) permits a party to amend its pleading with the court's leave, stating that "[t]he court should freely give leave when justice so requires." In the FRCP 15 context, our court of appeals instructed that "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). CVS does not dispute that plaintiffs' proposed amendments are timely. Nor does it contend that the motion is brought in bad faith. Rather, CVS argues that these amendments would either be futile or prejudice CVS.

*First*, CVS has failed to show that adding Christine McNeely as a class representative would be futile. McNeely — like Telahun — completed the "Arbitration of Workplace Legal Disputes" training module and acknowledged CVS's arbitration policy. McNeely does not dispute this, but rather states in her declaration that she timely opted out of the arbitration agreement (Dkt. No. 20-2). CVS replies that it has no record of McNeely opting out of arbitration. In any event, CVS contends, this order need not decide this factual dispute because the arbitration agreement delegates questions of arbitrability to the arbitrator.

Parties may delegate "gateway" questions of arbitrability. A delegation clause is enforceable when it manifests a clear and unmistakable agreement to arbitrate arbitrability, and is not invalid as a matter of contract law. *Brennan v. Opus Bank*, 796 F.3d 1125, 1132 (9th Cir. 2015). But whether (or not) McNeely opted out of the arbitration policy goes to the very heart of whether an agreement to arbitrate even exits. If McNeely opted out, as she contends, the

3

delegation provision does not apply to her. Moreover, requiring McNeely to arbitrate where she has not entered into such an agreement "would be inconsistent with the first principle of arbitration that a party cannot be required to submit [to arbitration] any dispute which he has not agreed so to submit." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1142 (9th Cir. 1991) (internal quotes and citation omitted).

CVS, in opposing the proposed amendment, bears the burden of showing that the amendment should not be allowed. *ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006) (Judge Saundra Brown Armstrong). It has failed to do so here. Plaintiffs' motion for leave to add McNeely as a proposed class representative is accordingly **GRANTED**. Plaintiffs have enjoyed wide latitude to find and add new parties. Further leave hereafter will be unlikely.[1]

*Second*, CVS argues that amending the complaint to include Telahun as a second PAGA representative would be futile because his PAGA claim would still be subject to arbitration. As explained below, however, the arbitration agreements' waiver of representative PAGA actions is unenforceable as a matter of California law. *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 360 (2014). Moreover, under the terms of the arbitration agreements, any PAGA action to which the agreements' class action waiver cannot be enforced "must be litigated in a civil court." Plaintiffs' motion for leave to add Telahun as a PAGA representative is **GRANTED**.

*Third*, plaintiffs Cabrera and Telahun seek to drop their class claims. CVS would not be prejudiced by this amendment. Plaintiffs' PAGA claim (and possibly McNeely's class claims) will proceed in this forum regardless of whether plaintiffs' amendment is permitted. Moreover, plaintiffs' counsel represented during the hearing on the motion to compel arbitration that plaintiffs do not intend to pursue any claims that must be arbitrated. The proposed amendment

---

[1] Although plaintiffs request leave to add McNeely as a new plaintiff under FRCP 15, the proper procedure is to seek intervention under FRCP 24. *Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978). Regardless, this order finds that intervention is proper. An evidentiary hearing is hereby set for **APRIL 9 AT 8:00 A.M.** At the hearing, the parties shall be prepared address whether (or not) McNeely opted out of CVS's arbitration agreement. Each party may, on an expedited basis, take one deposition and propound five document requests on this issue.

4

— through which plaintiffs seek to abandon claims they would otherwise be required to arbitrate — provides plaintiffs no tactical advantage.

CVS's authorities are not to the contrary. In *PowerAgent*, for example, our court of appeals denied a petition for writ of mandamus brought after the district court struck the plaintiff's amended complaint, explaining that the plaintiff could not "drop factual allegations in an amended complaint to circumvent a previously issued order compelling arbitration." *PowerAgent, Inc. v. U.S. Dist. Court for N. Dist. of California*, 210 F.3d 385, at *2 (9th Cir. 2000). Here, by contrast, plaintiffs wish to abandon independently asserted claims in all fora, they do not seek to remove factual allegations from their complaint to avoid a previously issued order. And unlike *Utterkar v. Ebix, Inc.*, No. 14-cv-02250, 2015 WL 5027986, at *6 (N.D. Cal. Aug. 25, 2015) (Judge Lucy Koh) — where denial of leave to amend meant that the defendant would no longer be a party to the case and allowing the amendment would require the defendant to incur litigation expenses that it would not otherwise face — CVS must defend against certain of plaintiffs' claims in federal court even without the proposed amendment. Plaintiffs' request to amend the complaint so as to remove Cabrera and Telahun's non-PAGA class claims is accordingly **GRANTED**.

*Fourth,* CVS does not address plaintiffs' request to include additional factual allegations that have been discovered since plaintiffs' last amendment. Such amendment would not be futile or prejudice CVS. The action is still in its early stages, with virtually no discovery having been conducted. Accordingly, plaintiffs' request is **GRANTED**.

This order now proceeds to address the merits of CVS's motions to compel arbitration.

## 2. MOTIONS TO COMPEL ARBITRATION.

Under the Federal Arbitration Act, a district court determines "whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "To evaluate the validity of an arbitration agreement, federal courts should apply ordinary state-law principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (quotations and citations omitted). If the court is satisfied "that the making of the

agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

**A.     Whether The Arbitration Agreements Are Valid and Enforceable.**

The arbitration agreements here are valid and enforceable. A viable contract under California law requires: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration. *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999). Here, the only question is whether plaintiffs consented to the arbitration agreements. Although plaintiffs both acknowledge entering into the arbitration agreements, they argue — based solely on allegations in the unverified complaint — that CVS coerced them by requiring arbitration as a condition of employment. Plaintiffs' contentions lack evidentiary support. Neither plaintiff disputes that he could have opted out of the arbitration agreement. And contrary to Telahin's strained reading of the arbitration policy, he was informed that CVS "want[ed] colleagues' participation to be voluntary" and would "not tolerate retaliation against any colleague who decide[d] to opt out."[2]

Next, relying on *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000), plaintiffs argue that the arbitration agreements are unenforceable because CVS impermissibly limited the scope of the agreements to only cover claims typically brought by employees. This contention lacks merit. In *Armendariz*, an arbitration agreement lacked a "modicum of bilaterality" where it only required arbitration of employee claims for wrongful termination. *Id.* at 120. Here, by contrast, the arbitration agreements cover "any and all" claims "arising out of or related to" plaintiffs' employment with CVS, regardless of the party bringing the claim.

Finally, although not raised in opposing CVS's motions to compel arbitration, plaintiffs argue in seeking leave to amend that CVS's arbitration agreements and class action waivers are

---

[2] To the extent plaintiffs mean to argue that the arbitration agreements are procedurally unconscionable, our court of appeals has held that an arbitration agreement is not adhesive where there is a meaningful opportunity to opt out of it. *See Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002). Plaintiffs had such an opportunity here.

6

unenforceable because they violate the NLRA. Our court of appeals has recognized, however, that an arbitration agreement that precludes the ability to bring "concerted legal actions" may still be enforceable where an employer provides employees a meaningful opportunity to opt out of the agreement. *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 982 n.4 (9th Cir. 2016). Again, although plaintiffs received such an opportunity, they declined to take it.[3]

### B. Whether Plaintiffs' Claims Are Subject to Individual Arbitration.

Plaintiffs did not meaningfully dispute that they would be required to arbitrate the non-PAGA claims contained in their first amended complaint. As explained above, however, plaintiffs have abandoned such claims and no longer intend to pursue them in any forum. CVS's motions to compel arbitration of plaintiffs' non-PAGA claims are accordingly **DENIED AS MOOT**.

The only remaining claim is brought by plaintiffs under PAGA. As amended, Cabrera and Telahun bring their PAGA claim on behalf of themselves and all other current and former employees of CVS, and seek both civil penalties and unpaid wages under Section 558 of the California Labor Code. As explained below, while plaintiffs' claims for *civil penalties* are not subject to arbitration, their claims for *unpaid wages* must still be arbitrated.

Citing to *Iskanian,* 59 Cal. 4th at 360, plaintiffs first argue that no portion of their PAGA claim can be compelled to arbitration. Plaintiffs' reading of *Iskanian* is overbroad. While the law is clear that PAGA claims are not waivable, nothing prevents them from being arbitrated. *Iskanian* held that agreements waiving the right to bring representative PAGA claims — claims seeking civil penalties for Labor Code violations affecting other employees — are unenforceable under California law. *Id.* at 384. But as observed by our court of appeals, *Iskanian* "expresse[d] no preference regarding whether individual PAGA claims are litigated or arbitrated," and provided only that representative PAGA claims may not be waived outright. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 434 (9th Cir. 2015). Our court of appeals later confirmed that nothing categorically prevents PAGA claims from proceeding to arbitration, and explained that

---

[3] In its motions to compel arbitration, CVS affirmatively argued that the arbitration agreements were valid contracts and that plaintiffs' claims fell within the scope of those agreements. On reply, however, CVS changed tack and argued that questions regarding the contracts' validity were delegated to the arbitrator. Because the issue of the contracts' validity was raised by CVS in the first instance, this order reaches the issue here.

7

*Iskanian* and *Sakkab* clearly contemplated that individual employees can agree to arbitrate PAGA claims. *Valdez v. Terminix Int'l Co. Ltd. P'ship*, 681 Fed. Appx. 592, 594 (9th Cir. 2017).

With respect to plaintiffs' representative claim for civil penalties, the result is straightforward. The arbitration agreements purport to waive plaintiffs' right to bring a PAGA claim "on behalf of or regarding others." As explained above, however, such waiver is unenforceable under California law. The question then becomes whether the parties agreed to arbitrate the surviving representative claim. This order concludes that they did not. As the arbitration agreements clearly state, to the extent that the class action waiver is found unenforceable as to any PAGA action, that action "must be litigated in a civil court of competent jurisdiction." Accordingly, pursuant to the terms of the parties' agreement, plaintiffs' representative PAGA claim for civil penalties must remain pending in this forum. CVS's motion to compel this claim to arbitration is **DENIED**.

With respect to plaintiffs' additional request for unpaid wages under Section 558, further analysis is needed. In opposing plaintiffs' motion for leave to amend, CVS cites *Esparza v. KS Industries, L.P.*, 13 Cal. App. 5th 1228 (2017), to argue that — even if plaintiffs' representative PAGA claim for *civil penalties* must proceed in this forum — their request for *unpaid wages* is subject to individualized arbitration. Plaintiffs, in turn, cite *Lawson v. ZB, N.A.*, 18 Cal. App. 5th 705 (2017), and argue that their request for unpaid wages under Section 558 is an "indivisible" part of their representative PAGA claim that they cannot be required to separately arbitrate.

In *Esparza*, the California Court of Appeal explained that PAGA authorizes both "civil penalties" (largely payable to the State of California) as well as unpaid wages pursuant to Section 558 (payable solely to the aggrieved employee). *Id.* at 1234. *Esparza* further explained that unlike a claim for civil penalties, a claim for unpaid wages "is a private dispute because, among other things, it could be pursued by [an employee] in his own right" rather than on behalf of the State. *Id.* at 1246. As a result, where an employee has agreed to arbitrate his or her claims and then asserts a claim for unpaid wages — even under PAGA — the employee must arbitrate his claim. *Ibid.*

8

In *Lawson*, by contrast, the California Court of Appeal disagreed with *Esparza* and held that representative PAGA claims are not arbitrable regardless of whether they seek unpaid wages payable only to aggrieved employees. *Lawson* reasoned that the legislature intended for unpaid wages to be treated as part of PAGA's civil penalties, and accordingly such a remedy is not severable from the remainder of the PAGA claim. 18 Cal. App. 5th at 723–724.

Our court of appeals recently recognized this conflict among the California appellate courts. *Mandviwala v. Five Star Quality Care, Inc.*, __ Fed. Appx. __, 2018 WL 671138, at *2 (9th Cir. Feb. 2, 2018). In attempting to determine how the California Supreme Court would decide the issue, *Mandviwala* followed *Esparza*. Our court of appeals explained that *Esparza* "specifically distinguished between individual claims for compensatory damages (such as unpaid wages) and PAGA claims for civil penalties," a distinction which is "more consistent with *Iskanian* and reduces the likelihood that *Iskanian* will create FAA preemption issues." *Id.* at *2. This order finds the reasoning of *Mandviwala* persuasive and agrees that claims for unpaid wages under PAGA may be pursued in arbitration.

Unlike their request for civil penalties, plaintiffs' claim for unpaid wages is not implicated by the class action waiver contained in CVS's arbitration agreement. The class action waiver explicitly excludes claims brought by an employee "as a private attorney general solely on the Employee's own behalf and not on behalf of or regarding others." Plaintiffs' PAGA claim for unpaid wages accordingly falls squarely within the scope of the parties' agreement to arbitrate and arbitration of this victim-specific relief is therefore proper. CVS's motions to compel this claim to arbitration are **GRANTED**.

CVS next requests that this order stay plaintiffs' PAGA claim pending the outcome of arbitration. Courts have discretion either to proceed with nonarbitrable claims or to stay remaining litigation. *See U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426 (9th Cir. 1985). Here, plaintiffs have been granted leave to add a new class representative to the complaint. Moreover, because plaintiffs' counsel has represented that plaintiffs will not pursue any claim which must be brought in arbitration, there is no risk that the

undersigned judge and an arbitrator will reach inconsistent results with respect to plaintiffs' claims. A stay in these circumstances is not warranted.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend is **GRANTED**. An evidentiary hearing is set for **APRIL 9 AT 8:00 A.M.** At the hearing, the parties shall be prepared to address whether (or not) McNeely opted out of CVS's arbitration agreement. To the extent described above, defendants' motions to compel arbitration are **GRANTED IN PART AND DENIED IN PART**. Plaintiffs shall file their second amended complaint by **MARCH 23**.

**IT IS SO ORDERED.**

Dated: March 16, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE