# Clark Law Group

• 205 West Date Street • San Diego, California 92101 •
• Phone: (619) 239-1321 • Facsimile: (888) 273-4554 •
• www.clarklawyers.com •

---

**September 14, 2018**

*Transmitted via Electronic-Filing*

Honorable Judge William H. Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom 12
San Francisco, CA 94102

      **RE:**   *Sigfredo Cabrera et al. v. CVS Rx Services, Inc. et al.*
              Case No. 3:17-cv-05803-WHA
              **Letter Seeking an Order Requiring CVS to Answer Interrogatory No. 1**

Dear Honorable William H. Alsup,

This letter is submitted on behalf of Plaintiffs Sigfredo Cabrera and Enko Telahun ("Plaintiffs") in accordance with paragraph 34 of your Supplemental Order to Order Setting Initial Case Management Conference.

By and through this correspondence, Plaintiffs respectfully request that this Court enter an order requiring Defendants CVS Rx Services, Inc., CVS Pharmacy, Inc. and Garfield Beach CVS, LLC ("Defendants" or "CVS") to provide a full and complete answer, without objections, to Plaintiffs' Interrogatory No. 1, which was propounded on or about March 27, 2018.

**Nature of the Discovery Dispute and the Parties' Meet and Confer Efforts**

This is a representative action brought pursuant to the Private Attorneys General Act of 2004 (codified in California Labor Code section 2698 *et seq*., "PAGA") by Plaintiffs on behalf of themselves and all current and former pharmacy managers, pharmacists, pharmacy technicians, and pharmacy service associates ("Pharmacy Employees") employed in California at any time during the period of August 3, 2016 to the present date ("PAGA Period") by CVS for violations of the California Labor Code ("Labor Code").[1]

In an effort to advance the litigation, on or about March 27, 2018, Plaintiffs propounded Plaintiffs Cabrera and Telahun's Special Interrogatory to Defendants (Set One), which included a single interrogatory, Interrogatory No. 1, that requested that Defendants provide the name, last known address, telephone number and email address, position/title and location(s) of employment for all Pharmacy Employees employed by CVS during the PAGA Period. Exhibit 1. The Interrogatory defined the terms "IDENTIFY," "ALL," "PHARMACY EMPLOYEES," and "CVS." *Id*.

---

[1] The class claims asserted in this action are currently stayed pending CVS's appeal. (ECF No. 60.)

On or about April 30, 2018, Defendants served Defendants' Responses to Plaintiffs Cabrera and Telahun's Special Interrogatory to Defendants (Set One) ("Defendants' responses"). <u>Exhibit 2</u>. Defendants' responses, however, did not provide a substantive response to Interrogatory No. 1 and instead asserted meritless objections based on relevancy, proportionality, overbreadth, burdensome, privacy and privilege grounds. *See id*.

In accordance with the Federal Rules of Court and the Civil Local Rules of this Court, Plaintiffs began the meet and confer process on May 10, 2018. Thereafter, the parties engaged in a number of meet and confer discussions via correspondence and telephone, wherein Defendant agreed to provide the information requested by Interrogatory No. 1 for a 10% random sample of Pharmacy Employees subject to a protective order and Plaintiffs agreed to accept the 10% random sample. <u>Exhibit 3</u>. Although, the parties reached an agreement regarding the production of information sought by Interrogatory No. 1, Defendants took advantage of every opportunity to delay the production of such information by flip flopping on its position, as well as by falsely asserting that Plaintiffs' counsel made changes to previous versions of the protective order. <u>Exhibit 4</u>. Nonetheless, after persistence by Plaintiffs' counsel, the parties submitted a protective order to the Court for approval on August 14, 2018. ECF No. 70. Specifically, section 12.4 of the protective order expressly states that the protective order is "sufficient to protect the privacy interest of any current or former employees of Defendants whose confidential information such as names, most recent addresses and employment information is produced…" *Id*. On or about August 21, 2018, the Court issued an Order Approving Stipulated Protective Order Subject to Stated Conditions. ECF No. 74.

Despite the entry of the protective order, Defendants contend that they are not obligated to produce any information responsive to Interrogatory No. 1 due to the fact that they have a Motion for Summary Judgment on PAGA Claim (Count 9) (ECF No. 68) pending.[2] Defendants, however, have refused to provide any case law to Plaintiffs' counsel, which supports their position. Plaintiffs' counsel is not aware of any such authority that supports CVS's position.[3]

### Plaintiffs are Entitled to a Full and Complete Response to Interrogatory No. 1

The identity, contact and employment information sought by Interrogatory No. 1 is nonprivileged information that is relevant to this PAGA action because the information is likely to lead to the discovery of admissible evidence that will prove or disprove a party's claim or defense. For instance, the individuals whose information is sought are likely to have experienced (or not experienced) the same or similar unlawful conduct alleged in the operative complaint. *See e.g., Salazar v. McDonald's Corp.*, 2016 U.S. Dist. LEXIS 23293, *16 (N.D. Cal. Feb. 25, 2016) (holding that the identifying and contact information sought by plaintiff was likely to produce information to support or substantiate plaintiff's claims). Even if the individuals did not experience such unlawful conduct themselves, they may be percipient witnesses to the same or similar unlawful conduct alleged in the operative complaint against other Pharmacy Employees. *See Williams v. Superior Court*, 3 Cal.5th 531, 547 (2107); *Xuan Thi Phan v. Jetblue Airways*

---

[2] Defendants' motion is set to be heard on September 19, 2018. Defendants' prepared and filed their motion, while such meet and confer efforts were taking place and did not disclose to Plaintiffs that they intended to file the motion.

[3] *See Contour IP Holding, LLC v. GoPro, Inc.*, 2017 U.S. Dist. LEXIS 190771, *12 (N.D. Cal. Nov. 17, 2017); *Apple Inc. v. Eastman Kodak Co.*, 2011 U.S. Dist. LEXIS 11528, *6-*7 (N.D. Cal. Feb. 1, 2011).

2

*Corp.*, 2017 U.S. Dist. LEXIS 212832, *3-*4 (E.D. Cal. Dec. 27, 2017) (compelling the disclosure of the contact information of passengers seated beside or behind the plaintiff who may have witnessed the events at issue); *Goro v. Flowers Foods, Inc.*, 2018 U.S. Dist. LEXIS 140073, *24 (S.D. Cal. Aug. 17, 2018) (compelling the contact information of individuals who were potentially affected by defendants' Labor Code violations as outlined in the operative complaint).

Additionally, the information sought by Interrogatory No. 1 is relevant to the claims raised in this litigation, as Plaintiffs' have the burden in this PAGA action to establish violations of the Labor Code, which includes violations that occurred against other employees. *Williams*, 3 Cal.5th at 547-548 citing *Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425, 438 (9th Cir. 2015) ("The amount of penalties an employee may recover is measured by the number of violations an employer has committed, and the violations may involve multiple employees."). Therefore, in order to determine whether the experience of other Pharmacy Employees supports the claims or defense raised in this action, the requested information must be disclosed.

The information sought by Interrogatory No. 1 is proportional to the needs of the case because it is not unreasonably cumulative or duplicative as this is the first set of written discovery to be propounded in this litigation. The information will reveal useful information, such as the identities of the asserted aggrieved employees, the approximate number of potentially aggrieved employees, the extent of the alleged Labor Code violations, and the time frame in which the violations occurred, among many other things. Plaintiffs are also unaware of a more efficient way to obtain the requested information as, to the best of Plaintiffs' knowledge, CVS is the only person with such information; this is particularly true as CVS is mandated by California law to maintain the requested information for a period of not less than three years. *See* Cal. Lab. Code § 1174; IWC Wage Order No. 7-2001, Item 7. If Plaintiffs are prohibited from receiving such information, they will be unjustifiably prejudiced because CVS will have full and unfettered access to information that may lead to the discovery of admissible evidence regarding the claims and defenses raised in this action. Defendants' position is further undermined by the parties' meet and confer efforts, wherein Defendants agreed to produce, and Plaintiffs agreed to accept the identity, contact and employment information for a 10% random sample of Pharmacy Employees subject to a protective order. Exhibit 3.

Due to the entry of the parties' protective order, which specifically states that it is sufficient to protect such information. there should be no concern about privacy. *See Goro v. Flowers Foods, Inc.* 2018 U.S. Dist. LEXIS 140073 at * 27 (federal courts have held that a protective order in lieu of a *Belaire-West* notice sufficiently protects the privacy interest of putative class members and aggrieved employees); *see e.g. Austin v. Foodliner, Inc.*, 2018 U.S. Dist. LEXIS 36685 (N.D. Cal. Mar. 6, 2018).

Accordingly, Plaintiffs respectfully request that this Court order CVS to provide a full and complete answer, without objections, to Plaintiffs' Interrogatory No. 1.

    Respectfully submitted,

    R. Craig Clark
    Monique R. Rodriguez
    *Counsel for Plaintiffs Sigfredo Cabrera and Enko Telahun*

3