# Exhibit 2

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Plaintiffs Sigfredo Cabrera and Enko Telahun |
| RESPONDING PARTY: | | Defendants CVS RX Services, Inc., CVS Pharmacy, Inc., and Garfield Beach CVS, LLC |
| SET NO.: | | One |

### RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY ALL PHARMACY EMPLOYEES employed by CVS in the state of California during the period of August 3, 2016 to the present date. Please include each individual's full name, last known address, last known telephone number, and last known email address (if any), position AND/OR title, location(s) of employment, and dates of employment. *See Williams v. Superior Court* (2017) 3 Cal.5th 531; *Crab Addison, Inc. v. Superior Court* (2009) 169 Cal.App.4th 958; *Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Parties object to Interrogatory No. 1 on the grounds that it is overbroad, not relevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). An exhaustive list of all individuals who worked in a non-exempt pharmacist, pharmacy manager, pharmacy technician, or pharmacy service associate position in California from August 3, 2016 to present is not necessary to resolve Plaintiffs' Private Attorneys General Act ("PAGA") claim, and the burden and expense of preparing such a list outweighs its likely benefit. Responding Parties also object to Interrogatory No. 1 on the grounds that it seeks protected confidential and private information, including third-party information, in violation of state and federal privacy rights. Responding Parties will not provide contact information for former or current employees as it would violate these individuals' rights to privacy. Responding Parties object to Interrogatory No. 1 to the extent it purports to impose obligations on the Responding Parties that are different from or broader than those obligations imposed by the Federal Rules of Civil Procedure, and to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

///

///

Notwithstanding the above objections, and subject to them, CVS Pharmacy, Inc. did not employ any individuals in California in non-exempt pharmacist, pharmacy manager, pharmacy technician, or pharmacy service associate positions from August 3, 2016 to present. CVS Rx Services, Inc. did not employ any individuals in California in non-exempt pharmacy technician or pharmacy service associate positions from August 3, 2016 to present. Garfield Beach CVS, LLC did not employ any individuals in California in non-exempt pharmacist or pharmacy manager positions from August 3, 2016 to present.

DATED:  April 30, 2018          SIGNED AS TO OBJECTIONS:

GREENBERG TAURIG, LLP


By     */s/ James N. Boudreau*
       James N. Boudreau
       Attorneys for Defendants CVS Rx Services, Inc., CVS Pharmacy, Inc., Garfield Beach CVS, LLC

## VERIFICATION

I, Howard Kobey, Senior Director, HR Shared Services Business Relations, CVS, verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on April 30, 2018.

_____
Howard Kobey

3

CASE NO. 3:17-CV-05803-WHA
DEFENDANTS' RESPONSES TO PLAINTIFFS CABRERA AND TELAHUN'S
SPECIAL INTERROGATORY TO DEFENDANTS (SET ONE)