1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIGFREDO CABRERA, ENKO
TELAHUN, and CHRISTINE MCNEELY,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

  v.

CVS RX SERVICES, INC., a New York
corporation, CVS PHARMACY, INC., a
Rhode Island corporation, GARFIELD
BEACH CVS, LLC, a California limited
liability company, and DOES 1 to 10
inclusive,

        Defendants.

                /

No. C 17-05803 WHA

**ORDER RE MOTION
FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this wage-and-hour putative class action, defendants move for summary judgment on plaintiffs' PAGA claim. For the reasons below, the motion is **GRANTED**.

## STATEMENT

Defendants CVS Rx Services, Inc., CVS Pharmacy, Inc., and Garfield Beach CVS, LLC provide pharmacy services and operate retail stores. CVS employed plaintiff Enko Telahun as a pharmacist and pharmacy manager between June 2013 and February 2017. CVS also employed plaintiff Sigfredo Cabrera as a pharmacy tech trainee from January 2016 through January 2017 (Dkt. No. 68-2 ¶¶ 3–6).

Cabrera initiated this action in August 2017 in state court. He amended the complaint in September 2017 to add Telahun as a plaintiff and to include a claim pursuant to California's Private Attorneys General Act of 2004. In October 2017, CVS removed the action to our district court and later moved to compel plaintiffs to bring their claims in individual arbitration. In the face of CVS's motions to compel, plaintiffs moved for leave to file a second amended complaint. The proposed second amended complaint dropped all of Cabrera and Telahun's putative class claims (keeping only their PAGA claim) and added Christine McNeely as a plaintiff and putative class representative with respect to the non-PAGA claims (Dkt. Nos. 1, 18–20).

A March 16 order granted plaintiffs' motion for leave to amend and granted in part CVS's motions to compel arbitration. In allowing plaintiffs to add McNeely as a class representative, the March 16 order held that CVS had failed to show that her addition to the case would be futile. The March 16 order also held that the question of whether McNeely opted out of CVS's arbitration policy should be decided by the Court, not the arbitrator. An order later granted CVS's unopposed motion to stay the proceedings as to plaintiff McNeely pending resolution of CVS's appeal of these issues (Dkt. Nos. 45, 60).

The operative complaint alleges that CVS required plaintiffs to complete ongoing training sessions outside of working hours or during breaks without compensation and failed to reimburse plaintiffs for expenses incurred as a result of their employment. Plaintiffs also allege that CVS had a policy and practice of instructing pharmacy employees to work off-the-clock and during meal and rest breaks to meet the demands of the pharmacy (Dkt. No. 49).

CVS now moves for summary judgment on Cabrera and Telahun's PAGA claim for civil penalties (Dkt. No. 68). This order follows full briefing and oral argument.[1]

## ANALYSIS

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] Under FRE 201, a court may judicially notice facts that are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The parties' unopposed requests for judicial notice of various pleadings and other documents publically filed in state and federal court are accordingly **GRANTED**.

matter of law." FRCP 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). CVS moves for summary judgment on Cabrera and Telahun's PAGA claim, arguing that plaintiffs lack standing to sue under PAGA because they are not "aggrieved employees."

PAGA deputizes "aggrieved employees" to recover civil penalties against a current or former employer, placing the employees in the enforcement shoes of the California Labor and Workforce Development Agency. *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009). "'[A]ggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." CAL. LAB. CODE § 2699(C). CVS argues that plaintiffs Cabrera and Telahun are not "aggrieved employees" within the meaning of PAGA because plaintiffs waived their right to pursue the Labor Code violations underlying their PAGA claim. This order agrees.

Two judges in this district have held — persuasively — that plaintiffs cannot assert PAGA claims based on Labor Code violations that the court has dismissed on summary judgment. *See, e.g., Fobroy v. Video Only, Inc.*, No. C 13-4083, 2014 WL 6306708, at *5 (N.D. Cal. Nov. 14, 2014) (Judge Edward Chen); *Harris v. Best Buy Stores*, L.P., No. C 17-00446, 2018 WL 984220, at *11–12 (N.D. Cal. Feb. 20, 2018) (Judge Haywood Gilliam, Jr.). And, in *Kim v. Reins Internat. California, Inc.*, 18 Cal. App. 5th 1052, 1055 (2017), the California Court of Appeal held that a plaintiff who voluntarily dismissed his individual Labor Code claims with prejudice also lacked standing under PAGA as an "aggrieved employee." There, a former employee had alleged individual and class claims for wage-and-hour violations under the Labor Code and sought civil penalties under PAGA. After the defendant successfully moved to compel arbitration of the plaintiff's individual claims, the plaintiff accepted an offer to settle his individual claims and dismissed those claims with prejudice. The appellate court upheld summary judgment for the defendant-employer on the PAGA claim, holding that the plaintiff was no longer an "aggrieved employee" once he dismissed his individual claims. As the *Reins* decision explained, "[t]he legislative history makes clear that the PAGA was not intended to allow an action to be prosecuted by any person who did not have a grievance against his or her

3

employer for Labor Code violations." By dismissing his individual claims with prejudice, the plaintiff "essentially acknowledged that he no longer maintained any viable Labor Code-based claims against [the defendant]," and accordingly no longer had standing under PAGA. *Id.* at 105. So too here.

In seeking leave to amend the complaint, Cabrera and Telahun abandoned their individual claims under the Labor Code, explaining that "they [didn't] want to go to individual arbitration." As plaintiffs' counsel represented at the hearing on plaintiffs' motion for leave to amend, plaintiffs "[gave] up their individual rights for those individual damages." Upon the undersigned judge's further inquiry, plaintiffs counsel also represented that plaintiffs were not going to re-file their dropped claims in another court (Dkt. No. 48 at 8:22–9:7). Cabrera and Telahun accordingly waived their individual claims under the Labor Code and lost standing to sue under PAGA.

Plaintiffs fail to address *Reins*, let alone dispute its applicability to the instant action. Rather, despite "giving up" their claims for violations of the Labor Code, plaintiffs now argue that they did not "waiv[e] or abandon[]" those claims. This assertion is foreclosed by our record, as discussed above. Plaintiffs also argue that they have not settled or resolved their PAGA claim in this action, but neither had the plaintiff in *Reins*. Rather, similar to Cabrera and Telahun, the plaintiff in *Reins* attempted to maintain his PAGA claim while dismissing his underlying Labor Code claims. Cabrera and Telahun are therefore not "aggrieved employees" and lack standing to sue under PAGA.[2]

Plaintiffs' remaining attempts to avoid summary judgment are similarly unavailing. *First*, plaintiffs do not dispute that they received fair notice of CVS's affirmative defense that plaintiffs are not "aggrieved employees" with standing to sue under PAGA. Nevertheless, plaintiffs argue and that they have not had the opportunity to conduct discovery on the facts underlying CVS's motion for summary judgment. Under FRCP 56(f), a district court may order

---

[2] At oral argument, plaintiffs argued for the first time that their PAGA claim is not derivative of their waived Labor Code claims. This order disagrees. PAGA "does not create property rights or any other substantive rights. . . . It is simply a procedural statute allowing an aggrieved employee to recover civil penalties — for Labor Code violations — that otherwise would be sought by state labor law enforcement agencies." *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1003 (2009).

a continuance on a motion for summary judgment if the party requesting a continuance submits affidavits showing that, without FRCP 56 assistance, it cannot present facts necessary to justify its claims. The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought likely exist; and (3) the sought-after facts are essential to oppose summary judgment. *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Failure to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Ibid.* (citation omitted).

Plaintiffs list a myriad of documents they contend CVS has failed to turn over in this action, such as "documents related to [plaintiffs'] employment, including involvement in past settlements, training records, and time record data." Plaintiffs fail to explain, however, how such information would assist them in addressing the legal issue presented here — whether or not plaintiffs are "aggrieved employees" under PAGA in light of their waiver of claims in the instant action. In addition, the undersigned held an initial case management conference in this action on March 1, 2018, and apart from a single letter brief filed less than a week prior to the hearing on the instant motion, plaintiffs failed to raise CVS's allegedly dilatory discovery tactics to the Court's attention. This order accordingly rejects plaintiffs' request for additional time to conduct discovery prior to resolution of CVS's motion for summary judgment.

*Second*, plaintiffs request leave to substitute in another representative who has standing. Plaintiffs ignore, however, that they have already been afforded two opportunities to add new representatives. At the hearing on plaintiffs' motion for leave to amend, the undersigned told plaintiffs' counsel that no further interventions by new plaintiffs would be permitted (Dkt. No. 48 at 5:9–19). Plaintiffs mention in a footnote that an amended PAGA letter has been submitted to the California Labor and Workforce Development on behalf of an individual named Lynn Brickman, but otherwise do not indicate why Ms. Brickman should be permitted to intervene as a

5

1   new PAGA representative. Nor do plaintiffs explain their failure to timely seek leave to add a

2   new plaintiff with standing under PAGA. Plaintiffs' request is accordingly **DENIED**.[3]

### CONCLUSION

4        For the foregoing reasons, plaintiffs Cabrera and Telahun lack standing to sue under

5   PAGA. CVS's motion for summary judgment is accordingly **GRANTED**. The only claims that

6   remain in this action are those asserted by plaintiff McNeeley, which claims remain stayed

7   pending CVS's appeal of the March 16 order granting plaintiffs' motion for leave to amend and

8   granting in part CVS's motions to compel arbitration. Plaintiffs' discovery letter brief is

9   accordingly **DENIED** without prejudice to renewal upon a lifting of the stay. The parties shall

10   please file a joint status report on the progress of the appeal by **NOVEMBER 20 AT NOON**.

12       **IT IS SO ORDERED.**

14   Dated:   September 25, 2018.

                                   WILLIAM ALSUP
                                   UNITED STATES DISTRICT JUDGE

---

[3] This order need not reach CVS's alternative argument that Cabrera and Telahun's PAGA claim is barred by *res judicata* because they were class members in a prior wage-and-hour class action against CVS that resulted in a binding judgment.