IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIGFREDO CABRERA, ENKO TELAHUN, and CHRISTINE MCNEELY, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CVS RX SERVICES, INC., a New York corporation, CVS PHARMACY, INC., a Rhode Island corporation, GARFIELD BEACH CVS, LLC, a California limited liability company, and DOES 1 to 10 inclusive,

Defendants.

No. C 17-05803 WHA

**ORDER RE MOTION FOR ENTRY OF JUDGMENT**

**INTRODUCTION**

In this wage-and-hour putative class action, plaintiffs move for entry of partial judgment pursuant to FRCP 54(b). For the reasons below, the motion is **GRANTED**.

**STATEMENT**

Defendants CVS Rx Services, Inc., CVS Pharmacy, Inc., and Garfield Beach CVS, LLC provide pharmacy services and operate retail stores. CVS employed plaintiff Enko Telahun as a pharmacist and pharmacy manager between June 2013 and February 2017 and employed Sigfredo Cabrera as a pharmacy tech trainee from January 2016 through January 2017 (Dkt. No. 68-2 ¶¶ 3–6).

Cabrera initiated this action in August 2017 in state court. He amended the complaint in September 2017 to add Telahun as a plaintiff and to include a claim pursuant to California's Private Attorneys General Act of 2004. In October 2017, CVS removed the action to our district court and later moved to compel plaintiffs to bring their claims in individual arbitration. In the face of CVS's motions to compel, plaintiffs moved for leave to file a second amended complaint. The proposed second amended complaint dropped all of Cabrera and Telahun's putative class claims (keeping only their PAGA claim) and added Christine McNeely as a plaintiff and putative class representative with respect to the non-PAGA claims (Dkt. Nos. 1, 18–20).

A September 2018 order granted CVS's motion for summary judgment on plaintiffs' PAGA claim, finding that Cabrera and Telahun had waived their individual claims under the Labor Code and had lost standing to sue under PAGA. Plaintiffs now move for entry of judgment on their PAGA claim pursuant to FRCP 54(b) (Dkt. Nos. 86, 93). This order follows full briefing. Due to the unavailability of counsel, an order vacated the hearing on the instant motion and deemed the matter submitted on the papers.

**ANALYSIS**

FRCP 54(b) provides that a district court may enter final judgment on individual claims in multiple claim actions upon an express determination that there is no just reason for delay. There is a two-step test to determine whether there is a just reason for delay. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). *First*, the court must assess the judicial administrative interests at stake, including factors such as "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980). *Second*, the court must weigh the equities involved. *AmerisourceBergen Corp.*, 465 F.3d at 954.

Here, there is no just reason for delaying entry of a final judgment on Cabrera and Telahun's PAGA claim. The September 25 order granted summary judgment on the PAGA claim in favor of CVS — thereby resolving all of the claims asserted by Cabrera and Tehlahun in this action — and held that because Cabrera and Telahun had given up their rights for individual

damages under the Labor Code they had lost standing to sue under PAGA. The only remaining claims are those asserted by plaintiff McNeeley (which claims remain stayed pending CVS's appeal of the March 16 order granting plaintiffs' motion for leave to amend and granting in part CVS's motion to compel arbitration). Appeal of Cabrera and Telahun's PAGA claim will not involve factual questions at issue in McNeeley's individual claims under the Labor Code. Rather, the appeal will involve whether or not this Court erred as a matter of law by granting summary judgment on Cabrera and Telahun's PAGA claim in favor of CVS. The PAGA claim is therefore sufficiently separate and distinct from the only remaining claims in this action. Nor would delay in entering final judgment serve judicial economy or any other purpose. Plaintiffs' motion for entry of partial judgment pursuant to FRCP 54(b) is accordingly **GRANTED**.

**CONCLUSION**

Plaintiffs' motion for entry of partial judgment pursuant to FRCP 54(b) is **GRANTED**. Judgment on the PAGA claim will be entered separately.

**IT IS SO ORDERED.**

Dated: January 2, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE